# *Valli Kane & Vagnini*

## EMPLOYEE RIGHTS ATTORNEYS

600 Old Country Road
Suite 519
Garden City, NY 11530

Tel: (516) 203-7180
Fax: (516) 706-0248
www.vkvlawyers.com

October 16, 2023

**VIA ECF**
The Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

> **Re:** *Wachter v. PHRG Management, LLC*
> **Case No.: 2:22-CV-07155 (DG)(ARL)**

Dear Judge Gujarati:

As Your Honor is aware, this office represents Plaintiff Sean Wachter (Plaintiff") in the above-captioned matter. We write for Plaintiff and on behalf of Defendant PHRG Management, LLC ("Defendant") (together with Plaintiff, the "Parties") to jointly and respectfully request that the Court approve the Parties' settlement agreement resolving Plaintiff's Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), claims, which is attached hereto as Exhibit 1 ("Ex. 1").

## Plaintiff's Wage and Hour Allegations

In or around July 2022, Plaintiff began his employment for Defendant as Customer Development Representative ("CDR"). In or around October 2022, Plaintiff became a Remodeling Consultant ("RC") for Defendant and remained in that position until his employment ended in November 2022. His job duties as a CDR constituted going door to door to acquire appointments with Defendant's potential customers and its RCs. His job duties as a RC consisted of selling Defendant's services to its potential customers.

Related to his wage and hour claims, Plaintiff alleges the following in the complaint:

1. As a CDR, he worked alternating weeks of five, 10-hour days, and six, 10-hour days. He, however, was paid a salary of $1,000.00 per week on a bi-weekly basis without overtime pay in violation of the FLSA and the New York Labor Law ("NYLL").

2. As a CDR he was not issued accurate wage statements in violation of NYLL § 195.

3. As a CDR he was a manual laborer pursuant to NYLL § 191(1)(a) because he spent 25% of his time performing manual labor and, thus, was entitled to be paid on a weekly basis.

4. As a RC he was required to undergo a four-week training period that consisted of 45 hours of work per week. During this training period he was paid a salary of $500.00 per week on a bi-weekly basis and, as a result, he was deprived of overtime pay in violation of the FLSA and NYLL and minimum wage in violation of the NYLL.

166488.00201/133411520v.1

## Defendant's Defenses to Wage and Hour Claims

Defendant, however, denies those allegations and maintains that Plaintiff's claims were deficient for the following reasons:

1. Plaintiff's claims were subject to mandatory arbitration on an individualized basis (not on a class or collective basis).  Plaintiff and Defendant agreed by contract to resolve all disputes between them through binding arbitration and expressly waived their respective rights to have disputes arising out of, or in any way related to, Plaintiff's employment decided in a court of law.

2. The CDR position does not require manual labor (and, therefore, that he was not a "manual laborer" as defined by New York law). Accordingly, his NYLL § 191 claim alleging a failure to pay timely wages is insufficient as a matter of law.

3. Defendant contends that both positions Plaintiff held were exempt from overtime.  The CDR position is covered by the outside sales exemption.  The RC position is covered by the retail sales exemption.

4. Plaintiff was at all times paid in excess of the governing minimum wage rate, through a combination of base salary, commissions, and other incentive-based compensation.

## ARGUMENT

### I.    Legal Standard.

This Circuit mandates that the settlement of FLSA claims must be "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015); *see Cheeks v. Freeport Pancake House Inc*., 796 F.3d 199 (2d Cir. 2015). Courts consider the following factors when determining whether a settlement is "fair and reasonable":

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Lopez v. Nights of Cabiria, LLC.*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

### II.    The Proposed Settlement Agreement Is Fair and Reasonable.

During settlement negotiations, Defendant produced Plaintiff's payroll records so that Plaintiff could calculate his alleged damages.  Using these documents, Plaintiff estimates that he

2

was deprived of 120 hours of overtime as a CDR at hourly overtime rates[1] between $18.86 and $19.95 for a total of $1,161.82. He also estimates that as a RC he was deprived of 90 hours of overtime at hourly rates between $7.50 and $22.22 for a total of $1,225.00. Accordingly, Plaintiff's back pay under the FLSA is $2,386.82 and his liquidated damages are $2,386.82 for a total of $4,773.64.

Plaintiff also estimates that he is entitled to $427.78 in unpaid minimum wages in violation of the NYLL, $427.78 liquidated damages for the unpaid minimum wages, $1,750.00 for Defendant's alleged NYLL § 195 wage statement violations, and $4,368.16 for Defendant's alleged NYLL § 191(1)(a) violations for a total of $6,973.72.

Thus, the proposed settlement agreement is both fair and reasonable under the FLSA in that Defendant has agreed to compensate Plaintiff a total sum of $11,250.00 from which, after $4,500.00 for attorneys' fees and $233.26 for costs have been deducted, Plaintiff shall receive $6,516.74. *See* Ex. 1. This equates to over 100% of what Plaintiff believes he could have recovered under the FLSA at trial even after attorneys' fees and costs. *See Del Rio v. 257 SG Pizza Corp.*, No. 19-CV-3426, 2023 WL 4583652, at *1 (S.D.N.Y. July 18, 2023) ("Of the total settlement amount, Plaintiff would receive . . . approximately 16% of his owed back wages, not including any liquidated damages or penalties. Courts in this district have approved settlement amounts within this range.") (collecting cases). The total settlement also equates to over 100% of what Plaintiff could have recovered under the FLSA and the NYLL. After attorneys' fees and costs, the settlement sum Plaintiff is to receive equates to 55% of his total damages under both the FLSA and the NYLL. *See Anderson v. Apria Healthcare Corp.*, 1:23-CV-00383 (KAM)(PK) (E.D.N.Y. 2023) (approving settlement where plaintiff received 55% of her estimated FLSA and NYLL damages after attorneys' fees); *Del Rio*, 2023 WL 4583652 at *1.

Second, Defendant denies Plaintiff's allegations that it failed to properly pay him overtime pay for all overtime hours worked. Specifically, Defendant claims that Plaintiff was exempt from overtime wages pursuant to the outside sales exemption and they dispute the number of hours he worked. If Defendant's defenses are found to be credible, Plaintiff would not be entitled to any damages under the FLSA or the NYLL. Thus, the settlement alleviates Plaintiff's risk of a lower recovery or no recovery at all. It also alleviates the need for the Parties to continue with costly discovery, motion practice, and trial.

Third, the Parties' counsel are experienced litigators who primarily practice employment law and have litigated hundreds of FLSA actions. *See, e.g.*, Valli Kane & Vagnini LLP's Firm Resume, attached hereto as Exhibit 2. They were able to reach a settlement on behalf of the Plaintiff after review of Plaintiff's payroll records and through lengthy private negotiations. Therefore, the settlement agreement is the result of arm's length negotiation without the possibility of fraud or collusion. Accordingly, the proposed settlement agreement is both fair and reasonable.

---

[1] Since Plaintiff was paid a salary for all hours worked, his overtime damages are based on the "half rate" which is found by dividing Plaintiff's pay by the total number of hours worked and then dividing that number by two.

### III.     The Attorneys' Fees Pursuant to the Settlement Are Reasonable.

Under the terms of the proposed settlement agreement and the retainer agreement between Plaintiff and his counsel, Valli Kane & Vagnini LLP ("VKV") will receive $4,500.00 from the settlement fund as attorneys' fees or 40%, plus incurred expenses of $233.26, which represents 50% of the costs actually incurred by VKV in litigating this matter (research costs and filing fees), for a total of $4,733.26. *See* Ex 1; Plaintiff's Counsel's Expense Report, attached hereto as Exhibit 3. Plaintiff does not dispute the 40% fee.

Indeed, this District has historically limited attorneys' fees in the amount of 33.33% of the settlement fund. In *Fisher v. SD Prot. Inc.*, however, the Second Circuit held that "[t]here is no explicit limit on attorneys' fees in FLSA actions and district courts should not, in effect, and practice, implement such a limit." 948 F.3d 593, 603 (2d Cir. 2020). This settlement is also on an individual basis and is not a collective/class settlement, which results in the 40% fee being significantly lower in monetary value. Furthermore, VKV has been approved several times for a 40% contingency fee in FLSA litigation. *See Apria*, 1:23-CV-00383 (approving attorneys' fees representing 40% of the settlement fund for Valli Kane & Vagnini LLP); *Martinez v. Hana Albany, Inc.*, 1:22-CV-01066 (N.D.N.Y 2023) (same); *Katz v. Equinox Holdings, Inc.*, 1:20-CV-09856 (S.D.N.Y. 2023) (same); *LaBranche v. K-Tech Management Corp.*, 1:21-cv-02315 (E.D.N.Y. 2021) (same); *Sanchez v. Some Things Fishy LTD*, 3:20-CV-01127 (D. Conn. 2020) (same); *Fenton v. Criterion Worldwide*, No. 1:18-CV-10224 (S.D.N.Y. 2020) (same); *Marcusse v. Citizens Arts Club, Inc.*, No. 1:19-CV-08379 (S.D.N.Y. 2020) (same); *Richardson v. Vontronix, Inc.*, No. 3:19-CV-19339 (D.N.J. 2020) (same).

VKV's 40% fee is also supported by a "lodestar crosscheck." *See Sewell v. Bovis Lend Lease, Inc.*, No. 09-CV-6548, 2012 WL 1320124, at *13 (S.D.N.Y. Apr. 16, 2012) ("When applying the percentage method to an award for attorney's fees, courts in this Circuit follow the trend of applying the lodestar method as a 'cross-check' to ensure the reasonableness of the award. . . . Courts commonly award lodestar multipliers between two and six") (citation omitted). Set forth below are VKV's summarized billing records:

| Name | Title | Hourly Rate | Hours Worked | Total Fee |
|---|---|---|---|---|
| Robert J. Valli, Jr. | Partner | $550.00 | .5 | $275.00 |
| James A. Vagnini | Partner | $500.00 | .5 | $250.00 |
| Alexander M. White[2] | Associate | $300.00 | 16.96 | $4,975.25 |

---

[2] On January 1, 2023, Alexander M. White's hourly rate increased by $25.00 due to an increase in employment litigation experience and to account for inflation. For example, in 2021, Alexander M. White was approved at an hourly rate of $275.00 in FLSA actions. When accounting for inflation and using the United States Bureau of Labor Statistics CPI Inflation Calculator, an hourly rate of $275.00 in January 2021 is equal to an hourly rate of $319.73 in May 2023. *See https://www.bls.gov/data/inflation_calculator.htm*; *see also Martinenko v. 212 Steakhouse, Inc.*, No. 22-CV-518 (JLR)(RWL), 2023 WL 2919559, at *14 (S.D.N.Y. Apr. 12, 2023) (recognizing that precedent for FLSA attorneys' fee rates "anchors rates in the past" and "that repeated use of precedent regarding attorneys' fees tethers rates to outdated standards") (citations omitted). Thus, Plaintiff's counsel rate is effectively less than it was two years ago despite an increase in employment litigation experience. *See Bozak v. FedEx Ground Package Sys., Inc.*, No. 3:11-CV00738, 2014 WL 3778211, at *6 (D. Conn. July 31, 2014) ("Fee awards in wage and hour cases are meant to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to

4

| Alexander M. White | Associate | $275.00 | 13.84 | $3,806.00 |
|---|---|---|---|---|
| Luz Arce | Paralegal | $150.00 | .16 | $25.60 |
| Kelly Diaz | Para./Sec. | $100.00 | 1 | $125.00 |
| | | | | |
| **Total** | | | **32.96** | **$9,456.85** |

*See* VKV's Billing Report, attached hereto as Exhibit 4; *Apria*, 1:23-CV-00383 (approving Alexander M. White's hourly rate of $300.00 in 2023); *Martinez*, 1:22-CV-01066 (N.D.N.Y 2023) (approving Robert J. Valli Jr.'s hourly rate of $575.00, Alexander M. White's hourly rate of $300.00, and Luz Arce's hourly rate of $160.00 in 2023); *Katz*, 1:20-CV-09856 (approving Robert J. Valli Jr.'s hourly rate of $575.00, James A. Vagnini's hourly rate of $525.00, Alexander M. White's hourly rate of $300.00, and Luz Arce's hourly rate of $160.00 in 2023); *LaBranche*, 1:21-CV-02315 (approving Alexander M. White's hourly rate of $275.00, Luz Arce's hourly rate of $150.00, and Kelly Diaz's hourly rate of $100.00 in 2021); *Sanchez*, 3:20-CV-01127 (approving Alexander M. White's hourly rate of $275.00 in 2020); *Marcusse*, 1:19-CV-08379 (approving Alexander M. White's hourly rate of $250.00 in 2019-2020); *see also Richardson*, No. 3:19-CV-19339 (approving Alexander M. White's hourly rate of $250.00 in 2019).

Using 50% of VKV's billing records to account for time spent on the NYSHRL claims (which were resolved separately by the Parties), the 40% fee is still less than the lodestar, which is held to be reasonable. *See Perez v. Postgraduate Ctr. for Mental Health*, No. 19-CV-931 (EK) (PK), 2022 WL 1063864, at *2 (E.D.N.Y. Feb. 7, 2022)*, report and recommendation adopted,* No. 19-CV-931(EK)(PK), 2022 WL 1062316 (E.D.N.Y. Apr. 7, 2022) ("Even using an hourly rate of $450 and reducing the total hours billed by 15% to account for any inefficiencies or improprieties, the lodestar would be $95,483.475, which is still more than the requested attorneys' fees. The undersigned therefore finds that the attorneys' fees requested are reasonable."); *Flores v. Anjost Corp.*, No. 11-CV-1531 (AT), 2014 WL 321831, at *9 (S.D.N.Y. Jan. 29, 2014) ("Applying the lodestar method as a 'crosscheck,' the Court finds that the fee that Class Counsel seeks is reasonable and does not represent an exorbitant multiplier-indeed, there is no multiplier.") (citations omitted). Thus, VKV's 40% fee is fair and reasonable and supported by a "lodestar crosscheck" since their recovery is less than their lodestar.

## CONCLUSION

Wherefore, the parties respectfully requests that the Court approve the settlement agreement, attorneys' fees, and expenses as fair and reasonable.

We thank the Court for its time and consideration.

Respectfully Submitted,

*/s/ Alexander M. White*
Alexander M. White, Esq.

cc:     counsel of record (*via* ECF)

---

justify the retention of able, legal counsel. . . . Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA.").